UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-131-FDW

| | |
|---|---|
| MAURICE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WAGNER, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated in the North Carolina Department of Adult Corrections (NCDAC). [Doc. 1]. At the commencement of this action, the Plaintiff was cautioned that "[i]t is Plaintiff's responsibility to keep the Court advised of his/her current address at all times" and, "[i]f the Plaintiff's address changes and no Notice is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution."

On May 13, 2024, the Court noted that the NCDAC website indicates that the Plaintiff is no longer incarcerated, and that he had failed to inform the Court of his new address. [Doc. 23]. The Court ordered the Plaintiff to update his address of record within 14 days and to inform the Court whether he intends to proceed with this action. [Id.]. The Court cautioned him that "[f]ailure to comply with this Order will result in the dismissal of this action without prejudice and this case's closure without further notice." [Id. at 1]. May 28, 2024, the envelope addressed to the Plaintiff

at his address of record at the NCDAC was returned as undeliverable, stamped "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD." [Doc. 24 at 1].

The Plaintiff has not complied with the Court's May 13 Order and the time to do so has expired. The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: June 21, 2024

Frank D. Whitney
United States District Judge